IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANTHONY LAMONT GARDNER, JR., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-610 (PTG/WBP) |
| ) | |
| KENYATTA MOMON, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment ("Motion") (Dkt. 100). Defendants Officer Kenyatta Momon, Officer Thomas Armel, and Fairfax County seek summary judgment on all surviving counts of Plaintiff Anthony Lamont Gardner, Jr.'s Amended Complaint (Dkt. 25). The Motion was fully briefed. On April, 4, 2024, the Court heard argument on the Motion. Given the proximity of the upcoming trial, the Court issues its ruling on summary judgment today and intends to issue a more fulsome opinion in the future.

Summary judgment is appropriate where a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (citation omitted). A genuine dispute about a material fact exists if "after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). All inferences must be made in favor of the nonmoving party. *Hawkins v. McMillan*, 670 F. App'x 167, 168 (4th Cir. 2016). A party demonstrates a genuine dispute of material fact by "citing to particular parts

of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Defendant Officers seek summary judgment and qualified immunity as to the constitutional tort claims brought against them in their personal capacities under 42 U.S.C. § 1983. This includes Counts I, III, V, and VII, which allege excessive force in violation of the Fourth Amendment, failure to intervene in violation of the Fourth Amendment, and violation of the First Amendment. "Officials have qualified immunity either if the facts do not make out a violation of a constitutional right or if the right was not clearly established at the time." *Snider v. Seung Lee*, 584 F.3d 193, 198 (4th Cir. 2009).

As to Counts I, III, and V, the question as to whether Defendant Officers unconstitutionally acted with excessive force "is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). This means that "the officer's subjective state of mind is not relevant to the qualified immunity inquiry but his perceptions of the objective facts of the incident in question are." *Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir. 1994).

Having reviewed the Motion and the evidence in the record before the Court, including the body-worn camera footage, the Court concludes that Defendants have shown that there is no genuine dispute of material fact that Defendant Officers acted as reasonable officers would in the circumstances that confronted them. Plaintiff fails to show a genuine dispute of material fact that would permit a factfinder to conclude that Defendant Officers acted with excessive force. Thus, Defendant Officers are entitled to summary judgment as to the excessive-force Fourth Amendment claims.

As to Count VII, "[a] plaintiff claiming First Amendment retaliation must demonstrate that: '(1) [he] engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendants' conduct.'" *Davison v. Rose*, 19 F.4th 626, 636 (4th Cir. 2021) (alterations in original) (citation omitted). Specifically, "[i]f probable cause exists, an argument that an arrestee's speech rather than the criminal conduct was the motivation for the arrest must fail." *Lowe v. Spears*, 2009 WL 1393860, at *3 (S.D.W. Va. May 15, 2009) (citation omitted).

Defendants have shown that there is no genuine dispute of material fact that Defendant Officers had probable cause to arrest Plaintiff for disorderly conduct given Plaintiff's conduct in the store as demonstrated by the uncontroverted evidence in the record and the grand jury's return of an indictment. Plaintiff fails to point to any evidence that shows a genuine dispute of material fact that would permit a factfinder to conclude otherwise. Thus, there is no genuine dispute as to whether Defendant Officers acted in violation of the First Amendment. For these reasons, Defendant Officers are entitled to qualified immunity and to summary judgment on Counts I, III, V, and VII.

As to the generalized-custom claim alleged against Defendant Fairfax County in Count I, the Supreme Court has found that "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (emphasis in original). Thus, because the Court has determined that Defendant Officers are entitled to summary judgment on the excessive-force claim alleged in

Count I, the Court also grants summary judgment for Fairfax County as to Plaintiff's generalized-custom claim in Count I.

The remaining claims that Plaintiff brings against Defendant Officers are battery (Count II), intentional infliction of emotional distress (Count VIII), and gross negligence (Count IX). Regarding battery, "if reasonable force is used by police officers in execution of their lawful duties, they are immune from suit for such acts." *Ware v. James City Cnty., Virginia*, 652 F. Supp. 2d 693, 712 (E.D. Va. 2009), *aff'd*, 380 F. App'x 274 (4th Cir. 2010). The same standard applies to gross negligence. *Johnson v. Dep't of Alcoholic Beverage Control*, 2016 WL 7235836, at *7 (W.D. Va. Dec. 13, 2016) (observing that a "plaintiff's claims of gross negligence, battery, and assault 'rise or fall' with his excessive force claim" (citation omitted)). As to intentional infliction of emotional distress, "[u]nder Virginia law, 'liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it.'" *Hatfill v. New York Times Co.*, 416 F.3d 320, 337 (4th Cir. 2005) (citation omitted).

Since there is no genuine dispute of material fact that Defendant Officers used reasonable force, summary judgment is therefore appropriate as to Plaintiff's claims of battery and gross negligence under Counts II and IX. As to his claim of intentional infliction of emotional distress, Plaintiff fails to show a genuine dispute of material fact that he suffered distress so severe that no reasonable person could endure it. Summary judgement is thus appropriate as to Count VIII as well. Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (Dkt. 100) is **GRANTED** as to Count I (Fourth Amendment use-of-force violation), Count II (battery), Count III (failure to intervene as to Officer Momon), Count V (failure to intervene as to Officer Armel), Count VII (First

Amendment violation), Count VIII (intentional infliction of emotional distress), and Count IX (gross negligence); it is further

**ORDERED** that Plaintiff's Motion for Leave for Remote Appearance of Witness at Trial (Dkt. 104), Defendants' Motion *in Limine* (Dkt. 107), and Plaintiff's Motion *in Limine* (Dkt. 115) are **DENIED as moot**; it is further

**ORDERED** that the Clerk shall terminate the hearing currently scheduled for April 11, 2024 at 10:00 a.m. and the trial set to begin in this matter on April 30, 2024; and it is further

**ORDERED** that the Clerk close this action and enter judgment in Defendants' favor pursuant to Federal Rule of Civil Procedure 58.

Entered this 9th day of April, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

5